UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES BUKVIC and TRACY BUKVIC**                                                 **PLAINTIFFS**

**V.**                                                             **CIVIL ACTION NO.1:06CV188 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**                                **DEFENDANT**

## MEMORANDUM OPINION and ORDER

The Court has before it the motion [69] of Defendant State Farm Fire and Casualty Company (State Farm) To Change Venue.

State Farm's motion for a change of venue is based upon its contention that a fair and impartial jury cannot be drawn from the pool of jurors available in this division or indeed in this district. State Farm asserts that the publicity surrounding the issues to be tried is so pervasive and so one-sided that the selection of a fair and impartial jury is not possible. In support of this contention, State Farm has submitted the affidavit and the supplemental affidavit of Kent L. Tedin (Tedin). Tedin's affidavit indicates that a survey he conducted established " a substantial amount of bias against insurance companies on issues relevant to this lawsuit in the Southern District, Southern Division [of the United States District Court for the Southern District of Mississippi." (Tedin Affidavit numbered paragraph 20 at page 4)

Based on my having conducted a *voir dire* examination of the individuals called for jury duty in *Broussard v. State Farm Fire and Casualty Company*, Civil Action No. 1:06cv006, and in *Gemmill v. State Farm Fire and Casualty Company*, Civil Action No. 1:05cv692, I have determined that a fair and impartial jury can be drawn from the pool of jurors available in this district. I was particularly impressed by the careful consideration given by the jurors in the *Gemmill* case to the evidence presented at trial, as evidenced by the jury's verdict. While I have taken the Tedin affidavits and the conclusions he reached into consideration, I am persuaded by my first hand experience that the interests of justice do not require that this case be tried outside this district and this division. In balancing the interests of the parties, and in consideration of the other relevant factors, I find that the motion for change of venue should be denied.

I am sensitive to the issues State Farm has raised, and I will conduct the *voir dire* examination of the potential jurors in this case with attention to the concerns that underlie State Farm's motion. I do not believe, however, that a change of venue is necessary to assure a fair trial in this action.

Upon request, I will grant leave to State Farm's representatives during the trial to make an appropriate record of any additional information relevant to their motion for change of venue should subsequent events make it just to do so.

Accordingly, it is

**ORDERED**

That the motion [69] of State Farm Fire and Casualty Company To Change the Venue of this action is hereby **DENIED,** without prejudice to its right to seek leave of Court to supplement its objection to venue if events occurring subsequent to the filing of this motion [69] justify such a supplementation;

**SO ORDERED** this 19th day of July, 2007.

                                                  s/ <u>L. T. Senter, Jr.</u>
                                                  L. T. SENTER, JR.
                                                  SENIOR JUDGE